■ In the Matter of JESSE ZASLAV, an Attorney.— Motion for reinstatement to the Bar granted. Concur — Breitel, J. P., Valente, Stevens, Eager and Steuer, JJ.

(December 23, 1964)

■ JOSEPHINE (PACE) DI FRANCESCO v. MARIO J. DI FRANCESCO.— Motion to dismiss appeals granted, with $10 costs, unless the appellant perfects the appeal for the February 1965 Term of this court. Respondent's cross application for a stay is denied with leave to renew by applying to a Justice of this court pursuant to section 1014 of the Family Court Act upon adequate papers. Concur — Botein, P. J., Breitel, Valente, Stevens and Eager, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK v. JOSEPH FREY.— Motion to dismiss appeal granted since under section 517 of the Code of Criminal Procedure no appeal to this court lies. Concur — Botein, P. J., Breitel, Valente, Stevens and Eager, JJ.

SECOND DEPARTMENT, DECEMBER, 1964

(December 7, 1964)

■ ROBERT BRAMAN, Respondent, v. AUSEREHL & SON CONTRACTING CORP., Appellant.— In an action to recover damages for personal injury, defendant appeals from: (1) an order of the Supreme Court, Kings County, made June 24, 1964 after a pretrial hearing at a Pretrial Term, which granted plaintiff's oral motion for a preference in trial, pursuant to CPLR 3403; and (2) from an order of said court made October 13, 1964, which granted reargument but which denied defendant's motion to vacate the prior order and adhered to the original decision to grant the preference. Appeal from order of June 24, 1964 dismissed; that order was superseded by the order of October 13, 1964, granting reargument. Order of October 13, 1964, affirmed, with $10 costs and disbursements. We are of the opinion that, in view of the changed circumstances and in the interests of justice, the Justice at the Pretrial Term of the court was warranted in granting the preference in trial. He was not precluded from doing so because of the prior order, since that order was not predicated on the same state of facts. Moreover that order, while it denied plaintiff's motion for a preference on the facts then presented, was expressly made "without prejudice to renewal of the motion" (see 20 A D 2d 806). Beldock, P. J., Kleinfeld, Hill, Rabin and Hopkins, JJ., concur.